IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Linda Diane Gilchrist, | ) | |
|---|---|---|
| | ) | Civil Action No.: 8:18-cv-02102-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court for review is Plaintiff Linda Diane Gilchrist's Motion to Reconsider Order Denying Plaintiff's Motion for Leave to File Out of Time (ECF No. 34). For the reasons set forth below, the court **GRANTS** Counsel's Motion to Reconsider Order Denying Plaintiff's Motion for Leave to File Out of Time (ECF No. 34), **VACATES** its Order denying Plaintiff's Motion for Leave to File Out of Time (ECF No. 27), and now **GRANTS** Plaintiff's Motion for Leave to File Out of Time.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2018, Plaintiff commenced this action against the Commissioner of Social Security ("Commissioner"), seeking judicial review of the Commissioner's decision denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). (ECF No. 1 at 1.) Plaintiff's Brief was originally due on December 31, 2018. (ECF No. 14 at 1.) However, the court granted Plaintiff's counsel ("Counsel") three (3) extensions of that deadline on December 26, 2018, January 30, 2019, and March 8, 2019, respectively, making Plaintiff's Brief due on March 15, 2019. (ECF Nos. 15, 18, 21.) In Counsel's third request for an extension, filed on March 7, 2019, she asserted that she had "been dealing with unexpected health-

1

related issues" and asked the court to extend the deadline for filing Plaintiff's Brief to March 15, 2019. (ECF No. 20 at 1.) The next day, March 8, 2019, the Magistrate Judge granted Counsel's request and advised her that "[n]o further extension of th[e] deadline w[ould] be granted barring extraordinary circumstances." (ECF No. 21.) Counsel did not file Plaintiff's Brief by March 15, 2019.

On March 27, 2019, the Magistrate Judge entered her Report and Recommendation, recommending dismissal of Plaintiff's Complaint because

> [a]t this point, [Counsel] has been granted three [(3)] extensions, and Plaintiff has twice allowed the deadlines to pass without filing her brief. In this [c]ourt's last Order granting an extension, the [c]ourt clearly stated that no further extensions would be granted absent extraordinary circumstances. Still, [Counsel] failed to file her brief by that deadline and then failed to file her brief even after the Clerk sent her an e-mail alerting her that she had again missed the deadline. Because Plaintiff has already ignored [c]ourt Orders and deadlines, sanctions less drastic than dismissal would not be effective.

(ECF No. 24 at 3.)

On April 11, 2019, Counsel filed Plaintiff's Brief (ECF No. 26), a Motion "mov[ing] th[e] [c]ourt for leave to file Plaintiff's Brief, which was due March 15, 2019[, out of time]" (ECF No. 27 at 1), and objections to the Magistrate Judge's Report and Recommendation (ECF No. 28). In Counsel's Motion for Leave to File Out of Time, she asserted that she "ha[d] been recovering from an illness and related health issues and required additional time to complete her briefing" and "request[ed] additional time up to and including April 11, 2019[,] . . . to file Plaintiff's [B]rief with the [c]ourt." (ECF No. 27 at 1.) Counsel consulted with the Commissioner about filing out of time, and the Commissioner indicated she would not file an objection to the Motion. (*Id.*) On April 19, 2019, the court denied Counsel's Motion for Leave to File Out of Time. (ECF No. 29 at 1.) The court found that although severe illness may constitute excusable neglect under Rule 6 of the Federal Rules of Civil Procedure, because Counsel did not submit any evidence of her illness

2

or its severity, Counsel failed to show excusable neglect justifying an extension of time. (*Id.* at 2–3.)

On May 3, 2019, Counsel filed a Motion for Reconsideration of the court's Order denying her Motion for Leave to File Out of Time under Rule 54 of the Federal Rules of Civil Procedure. (ECF No. 34 at 1.) Plaintiff argues "reconsideration [of the court's Order] is appropriate on account of the new evidence submitted . . . as well as to prevent manifest injustice to Plaintiff." (*Id.* at 2.) Counsel agrees that the court "is correct that [she] did not provide any information about her illness nor [did she] provide any evidence to justify an extension of time." (*Id.* at 3.) Counsel further agrees that "the court is also correct that, without such information, it [wa]s impossible for the [c]ourt to find that the failure to timely file Plaintiff's memorandum was the result of excusable neglect." (*Id.*)

However, with her Motion for Reconsideration, Plaintiff has submitted an affidavit detailing her illness. (ECF No. 35.) In her affidavit, Counsel explains that in 2009 she was diagnosed with a rare bleeding disorder and has been under the regular care of a hematologist/oncologist since that time. (*Id.* at 1 ¶ 2.) Counsel states that her bleeding disorder "is considered chronic and refractory to treatment." (*Id.* at 1–2 ¶ 3.) During February and March 2019, Counsel avers she suffered a hypertensive crisis and Stage II hypertension and had been experiencing "severe headaches, dizziness, lightheadedness, shortness of breath, and occasional confusion." (*Id.* at 2–3 ¶¶ 5–8.) She was seen for tests and other treatment and was instructed to rest and reduce her workload. (*Id.* at 3 ¶¶ 8–9.) Counsel's "extremely elevated blood pressure combined with her refractory bleeding disorder puts her at a very high risk of stroke, hemorrhage, or [a] potentially fatal aneurism." (*Id.* at 3 ¶ 9.) Counsel states that her "symptoms have improved somewhat over the last eight [(8)] weeks[,] as counsel's blood pressure readings have begun to go

down," but

> [a]s a result of the health issues outlined above, [C]ounsel has worked a reduced schedule for the past two months as instructed by her physicians. The symptoms of her hypertensive crisis and side effects of medication prescribed to treat her condition significantly impaired her ability to practice at a full capacity. Counsel has attempted to address this problem by working with opposing counsel and the court to obtain continuances and extensions where necessary until such time as [C]ounsel's health has improved and she is no longer at such a severe risk for stroke or other traumatic bleeding event. Counsel has hired additional attorneys to assume some of her workload until such time as she can return to full practice. . . . As a result of her health condition and medications, [C]ounsel was unable to timely file Plaintiff's brief in the above-captioned case.

(*Id.* at 4 ¶¶ 12–13.)

On May 10, 2019, the Commissioner filed a Response to Plaintiff's Motion to Reconsider. (ECF No. 36.) The Commissioner asserts that "[Counsel] has been given several opportunities to timely file her brief and the [c]ourt did not abuse its discretion in dismissing her case. With respect to [Counsel]'s latest filing under seal, the [Commissioner] is not in a position to respond and defers to the sound discretion of the [c]ourt." (*Id.* at 1.)

## II. STANDARD OF REVIEW

Under Rule 54(b) of the Federal Rules of Civil Procedure, the court may revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The United States Court of Appeals for the Fourth Circuit has determined that motions for reconsideration under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment. This is because a district court retains the power to reconsider its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). However,

> district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. Therefore,

4

> reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice.

*Sanders v. Lowe's Home Centers, LLC*, No. 0:15-CV-02313-JMC, 2016 WL 5920840, at *2 (D.S.C. Oct. 11, 2016) (citations omitted) (citing *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)).

### III. DISCUSSION

Counsel seeks reconsideration of the court's Order denying Counsel's Motion for Leave to File Plaintiff's Brief Out of Time based on new evidence regarding an illness Plaintiff asserts prevented her from filing Plaintiff's Brief on time and the manifest injustice to Plaintiff that would result from Counsel being prohibited to file Plaintiff's Brief out of time. (ECF No. 34 at 2–4.) The court finds itself in an unfortunate position. On the one hand, Counsel's affidavit shows that Counsel has been experiencing serious health challenges that undoubtedly have affected her life and her ability to practice law. (*See* ECF No. 35.) On the other hand, Plaintiff's Complaint (ECF No. 1) was filed on July 31, 2018, and Plaintiff's Brief was originally due on December 31, 2018 (ECF No. 14 at 1). The court has granted Plaintiff three extensions, extending the deadline to March 15, 2019. (ECF Nos. 15, 18, 21.) Thus, from the time Plaintiff's Complaint was filed, Counsel has had over seven (7) months to prepare Plaintiff's Brief. Plaintiff did not notify the court she was suffering from an illness until March 7, 2019. (ECF No. 20 at 1.) At that time, Plaintiff did not provide the court with any evidence supporting her claim of "unexpected health-related issues" and requested an extension until March 15, 2019. (*See id.*) Thus, the March 15,

2019 deadline was identified by Counsel, herself, not the court. Nearly a month after that deadline came and went, and after the Magistrate Judge entered a Report and Recommendation on March 27, 2019 (ECF No. 24), on April 11, 2019, Counsel filed Plaintiff's Brief and requested leave to file Plaintiff's Brief out of time due to her illness, again without any medical evidence. (ECF No. 27 at 1.)

However, in the affidavit submitted by Counsel, she indicates that she began to experience her illness at the beginning of February 2019, over a month before she requested an extension based on her illness. (*See* ECF No. 35 at 2 ¶ 4.) Moreover, although in Counsel's affidavit she states that she was medically advised to "reduce" her workload, she was not completely incapacitated, nor was she advised to cease work entirely. (*See id.* at 2–3, 4 ¶¶ 6–7, 9, 12.) *See also Tidwell v. Shreeji Hosp. Airport, LLC*, No. 3:10-CV-256-DSC, 2011 WL 2881269, at *1 (W.D.N.C. July 15, 2011) ("Courts in this Circuit have held that a non-debilitating illness does not usually constitute excusable neglect, especially if the attorney was able to perform other litigation tasks during the illness."). Further, Counsel also states that her "symptoms have improved somewhat over the last eight [(8)] weeks," though she continues to receive treatment. (*See id.* at 3 ¶ 11.)

Although this evidence is "new" in the sense it was not available to the court at the time the court ruled on Counsel's Motion for Leave to File Plaintiff's Brief out of time, this evidence was not available to the court because Counsel did not provide it to the court, not because this evidence did not exist. According to Counsel's affidavit, she began to experience her illness at the beginning of February, and, on two separate occasions when requesting extensions based on that

6

illness,[1] Counsel did not present any evidence to the court regarding her illness, though the evidence existed and was within Counsel's control. (*See* ECF No. 35.) *See also Integrated Direct Mktg., LLC v. May*, No. 114CV1183LMBIDD, 2016 WL 7334278, at *1 (E.D. Va. Aug. 12, 2016) ("[I]t is apparent that May has not made an adequate showing to merit reconsideration. As an initial matter, May has not proffered any evidence in his pleadings that was not available when the [c]ourt rendered its previous decision regarding attorneys' fees and expert costs, nor has he highlighted any intervening change in the controlling law."). Moreover, because Counsel's affidavit indicates she was still able to work a reduced workload, her symptoms have been improving, and she has hired additional attorneys to assist with her workload, the new evidence indicates Counsel should have been able to meet the March 15, 2019 deadline that she requested the court set, or, at the very least, inform the court of her illness prior to passage of the deadline. (*See id.* at 3–4 ¶¶ 9, 11–12.) *See also Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 792 (E.D. Va. 2013) ("Plaintiff's counsel here could have provided notice to the [c]ourt *prior to* the filing deadline yet failed to do so." (emphasis in original)). Therefore, the court cannot conclude reconsideration of its Order is appropriate based on new evidence.

Counsel has also failed to make a showing of manifest injustice. Counsel's Motion for Reconsideration merely states that "reconsideration is appropriate . . . to prevent manifest injustice to Plaintiff." (ECF No. 34 at 2.) Counsel provides no further explanation of the manifest injustice, except to say that "Plaintiff had no role in causing this delay." (*Id.* at 4.) "An interlocutory order merits reconsideration based on 'manifest injustice,' if the moving party demonstrates that 'the injustice from the [order] is apparent to the point of being almost indisputable.'" *Integrated Direct*

---

[1] (*See* ECF No. 20 (Counsel's Motion for Extension of Time to File Plaintiff's Brief); ECF No. 27 (Counsel's Motion for Leave to File Out of Time).)

*Mktg.*, 2016 WL 7334278, at *1 (alteration in original) (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)). And, "[a] few courts have defined the term 'manifest injustice[]' . . . as 'an error by the court that is direct, obvious, and observable.'" *United States v. Duke Energy Corp.*, No. 1:00CV1262, 2014 WL 4659479, at *5 (M.D.N.C. Sept. 17, 2014) (quoting *Smith v. Waverly Partners, LLC*, No. 3:10–CV–28, 2011 WL 3564427, at *3 (W.D.N.C. Aug. 12, 2011)). Counsel herself agreed that the court's Order denying her Motion for Leave to File Out of Time was rightly decided. (*See* ECF No. 34 at 3 ("The [c]ourt is correct that [C]ounsel did not provide any information about her illness nor provide any evidence to justify an extension of time.").) Accordingly, the court concludes Counsel has not shown manifest injustice.

However, considering that Plaintiff played no role in causing the delay and Counsel has provided the court with information regarding the nature of her illness, and given the discretion afforded to the court to reconsider its earlier decision, the court finds reconsideration of its Order, under the circumstances of this case, is appropriate. *See Am. Canoe Ass'n*, 326 F.3d at 514–15 ("[A,] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. Said power is committed to the discretion of the district court . . . ." (citations omitted)).

## IV. CONCLUSION

The court **GRANTS** Counsel's Motion to Reconsider Order Denying Plaintiff's Motion for Leave to File Out of Time (ECF No. 34), **VACATES** its Order denying Plaintiff's Motion for Leave to File Out of Time (ECF No. 27), and now **GRANTS** Plaintiff's Motion for Leave to File Out of Time.

**IT IS SO ORDERED.**

8

_J. Michelle Childs_
United States District Judge

June 28, 2019
Columbia, South Carolina