# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Linda Diane Gilchrist, | ) |
|     Plaintiff, | ) Civil Action No. 8:18-cv-02102-JMC |
| v. | ) **ORDER AND OPINION** |
| Andrew Saul, Commissioner of the Social Security Administration, | ) |
|     Defendant. | ) |

The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 11, 2019. (ECF No. 48.) The Report addresses Plaintiff Linda Diane Gilchrist's claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 10-2 at 8-10.) For the reasons stated below, the court **ACCEPTS** the Report, and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 48.) On October 6, 2014, Plaintiff filed a DIB application, alleging that her disability left her unable to work as of February 7, 2013. (ECF No. 10-5 at 13-15.) Upon the denial of her DIB application, Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on September 7, 2017. (ECF No. 10-2 at 31-69.) The ALJ issued an "unfavorable decision" as to Plaintiff's disability status on November 20, 2017, finding that she met the insured status requirements under the Social Security Act, had not engaged in substantial gainful activity since her alleged disability onset date, had severe impairments of degenerative disc

disease and degenerative joint disease (ECF No. 10-2 at 13), but also concluding that her residual functional capacity ("RFC") allowed her to perform sedentary work. (*Id.* at 16). Age, education, work experience, the RFC, and testimony provided by a vocational expert are the factors that the ALJ cited in determining that Plaintiff is capable of sedentary work. (*Id.* at 23.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's subsequent appeal. (*Id.* at 2-7.)

Plaintiff filed an action pursuant to 42 U.S.C. § 405(g) on July 31, 2019, seeking judicial review of the Commissioner's final decision. (ECF No. 1.) On November 29, 2018, the Commissioner filed an Answer. (ECF No. 9.) The court issued three orders granting Plaintiff's Motions for Extension of Time to file Plaintiff's brief, and in the third order, noted that "no further extension will be granted barring extraordinary circumstances." (ECF Nos. 15, 18, 21.) Plaintiff's brief was due on or before March 15, 2019. (ECF No. 21.) The Magistrate Judge issued a Report on March 27, 2019, that included a deadline for specific objections by April 10, 2019. (ECF No. 24.) On March 11, 2019, Plaintiff untimely filed both the brief and the objection with a Motion for Leave to File out of time. (ECF Nos. 26-28.) The court denied Plaintiff's Motion for Leave to File on April 19, 2019, (ECF No. 29) to which Plaintiff filed a Motion for Reconsideration (ECF No. 34). The court issued an order on June 28, 2019, granting Plaintiff's motion and vacating the order on Plaintiff's Motion for Leave to File.[1] (ECF No. 41.) Accordingly, on July 2, 2019, the court dismissed the initial Report (ECF No. 24) and referred the case back to the Magistrate Judge with renewed deadlines for briefing. (ECF No. 42.) The parties filed their respective briefs on August

---

[1] "[C]onsidering that Plaintiff played no role in causing the delay and Counsel has provided the court with information regarding the nature of her illness, and given the discretion afforded to the court to reconsider its earlier decision, the court finds reconsideration of its Order, under the circumstances of this case, is appropriate." (ECF No. 41 at 8 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003).)

2

9 and August 23, 2019. (ECF Nos. 44, 46.)

The Report provides the parties' arguments as follows: (1) Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because "the ALJ did not follow the 'slight abnormality standard' by failing to find that Plaintiff's combination of depression/anxiety, COPD, and bronchitis were severe impairments" and (2) that the RFC is "not supported by substantial evidence because they fail to account for time off task and/or work absences . . . [and] failed to limit Plaintiff to unskilled work as a result of her pain. (ECF No. 48 at 3 (citing ECF No. 26 at 16-24).) The Commissioner contends that the ALJ applied the proper standards regarding Plaintiff's depression, anxiety, COPD, and bronchitis, and that substantial evidence supports the RFC determination. (ECF No. 48 at 3-4 (citing ECF No. 44 at 10-20).)

The Magistrate Judge issued a Report on September 11, 2019, recommending that the court affirm the Commissioner's final decision because Plaintiff, who has the burden of proof, did not direct the court to any evidence to establish that the ALJ failed to consider or improperly summarize her alleged disabilities. (ECF No. 48 at 24-25.) Specifically, as to the ALJ's RFC determination:

> The [c]ourt's own review of the record reveals that none of Plaintiff's treatment providers provided any opinion as to Plaintiff's time off task, absences, or inability to perform anything more detailed than unskilled work. Moreover, at Step 2, the ALJ found Plaintiff had no limitations in understanding, remembering, or applying information and only mild limitations in her ability to concentrate, persist, or maintain pace . . . and Plaintiff has not challenged these findings. Plaintiff has failed to direct the Court to any evidence suggesting that she is incapable of performing sedentary work as additionally limited by the ALJ in this case.

(ECF No. 48 at 17 (citing ECF No. 10-2 at 14-15).)

Moreover, the Report explains that, while the ALJ's RFC revealed objective medical evidence of medical impairments that might cause pain or symptoms alleged by Plaintiff, her medical records did not corroborate her disability allegations. (ECF No. 48 at 23 (citing ECF No.

3

10-2 at 16-19 ("I find the evidence shows the symptoms have not been as limiting as the claimant has alleged. The symptoms reduce the claimant's ability for work-related activities to some extent, but the claimant remains capable of performing within the RFC.").)

As to the issue of whether the ALJ failed to find Plaintiff's combination of depression, anxiety, COPD, and bronchitis to be "severe" impairments, the Magistrate Judge concluded that "Plaintiff, who has the burden at Steps 1 through 4 of the five-step sequential evaluation process . . . has failed to direct the [c]ourt to any evidence of record that the ALJ failed to consider or improperly summarized the issues" that would require remand. (*Id.* at 25.) The Report provides an excerpt of the ALJ's determination:

> The impairments of hypertension, gastroenteritis, COPD, anxiety and depression do not significantly limit the claimant's ability to perform basic work activities. The impairments are "not severe" because medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on claimant's ability to work.

(ECF No. 10-2 at 14 (citations omitted).)

The Magistrate Judge found that Plaintiff merely proffered self-serving evidence such as her testimony or statements that she made in disability and function reports. (ECF No. 48 at 17 (citing 26-1 at 19.) In contrast, the record illustrates the degree of Plaintiff's alleged limitations, e.g., her diagnoses of *acute* bronchitis did not show "that [her] bronchitis was a chronic impairment, particularly where Plaintiff responded to antibiotics on each occasion and never appeared to be in any respiratory distress during any medical visit." (ECF 48 at 18 (citing 26 at 19; 10-21 at 15-7, 28-31, 33-36; 10-22 at 9-13, 30-34, 36-40; 10-26 at 51-55).) Moreover, with respect to Plaintiff's alleged disabilities, the Magistrate Judge found that "February 2016, encounter notes expressly state that Plaintiff's medical history did not include asthma or COPD . . . and as of April 2016, encounter notes state that pulmonary function tests would be ordered because Plaintiff 'may

4

have COPD.'" (ECF No. 48 at 18 (citing ECF No. 10-22 at 36.) Yet, "the record is replete with evidence that she did not suffer disabling limitations from depression or anxiety and suffered symptoms primarily when she stopped taking her medication . . . ." (*Id.* (citing10-22 at 44; 69).)

The Report also provides the basis of the ALJ's RFC determination:

> After careful consideration of the entire record, I find that the claimant has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can frequently operate hand controls with the right and left hands. She can frequently reach overhead to the left and right. She can frequently handle items with the right hand. She can occasionally climb ladders/ropes/scaffolds and occasionally crawl.

(ECF No. 48 at 3.)

The Magistrate Judge stated that, "[a]lthough Plaintiff disagrees with the ALJ's failure to include limitations for time off task and/or absences and with the ALJ's failure to limit Plaintiff to unskilled work, the record evidence does not appear to support these limitations." The record does not contain any evidence of treatment providers' opinions as to "Plaintiff's time off task, absences, or inability to perform anything more detailed than unskilled work . . ." and Plaintiff did not challenge the ALJ's findings that "Plaintiff had no limitations in understanding, remembering, or applying information and only mild limitations in her ability to concentrate, persist, or maintain pace . . . ." (ECF No. 48 at 19.) Therefore, the Magistrate Judge concluded that "Plaintiff failed to direct the [c]ourt to any evidence suggesting that she is incapable of performing sedentary work as additionally limited by the ALJ in this case." (ECF No. 48 at 25.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains

5

with the court. Id. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. See 28 U.S.C. § 636(b)(1). See also FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

The court observes that the parties are apprised of their opportunity to file specific objections to the Report on or before September 25, 2019. (ECF No. 48.) However, Plaintiff has not filed any objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting it. *See Camby*, 718 F.2d at 199. The court has carefully examined the findings of the Report and concludes that the ALJ's decision is supported by substantial evidence as it relates to Plaintiff's disability. (ECF No. 10-2 at 8.)

### IV. CONCLUSION

For the reasons above, and after a thorough review of the Report and the record in this case,

the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 48), and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 27, 2019
Columbia, South Carolina